**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02 CR 1101** |
| **v.** | ) | |
| **AUGUST C. GHILARDUCCI AND** | ) | **HONORABLE DAVID H. COAR** |
| **RONALD J. RICHARDSON,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before this court is Defendant Ronald J. Richardson's ("Defendant" or "Richardson") motion for

leave to file post-trial motions. For the reasons set forth below, Richardson's motion is

DENIED.

**I. Richardson's Arguments**

On December 15, 2004, a jury convicted Richardson on multiple counts. On December

16, 2004, the Court ordered Richardson to file his post-trial motions no later than January 31,

2005. On January 28, 2005, Phillip A. Turner ("Turner"), Mr. Richardson's counsel at the time,

moved to withdraw as Richardson's attorney, based, in part, on Richardson's accusations and

threats directed toward Turner. Turner moved for an extension of time for Richardson to file

post-trial motions. The Government did not object to either motion. On February 7, 2005, the

Court granted both motions, and extended the deadline to file post-trial motions to March 10,

2005. On February 11, 2005, Defendant August C. Ghilarducci ("Ghilarducci") moved for an

extension of time in which Ghilarducci could file post-trial motions. The Government filed its response to Ghilarducci's motion on February 14, 2005, asking that this Court deny Ghilarducci's motion and vacate the scheduling order entered on February 7, 2005. The Government contended, as it does now, that pursuant to Fed. R. Crim. P. 29, this Court did not have the authority to grant extensions beyond seven days after the jury's verdict.

Defendant contends, however, that pursuant to the "unique circumstances" doctrine, See Thompson v. INS, 375 U.S. 384 (1964), the Court is able to grant Richardson an extension of time to file post-trial motions. In Thompson, the United States Supreme Court held that courts can act on untimely motions in unique circumstances. In Thompson, the petitioner filed post-trial motions because of his denial of naturalization. Id. at 385. After the INS failed to object, the district court heard post-trial motions and denied them on their merits. Id. Within 60 days of the denial of the motions, but more than 60 days after the original judgment, petitioner filed a notice of appeal. Id. The Government objected to Thompson's appeal because it was filed beyond the 60 day period of entry of judgment proscribed in Fed. R. Civ. P. 73. Id. at 385. The appellate court dismissed Thompson's appeal as untimely. Id.

In reversing the appellate court's ruling, the Supreme Court defined Thompson's situation as a "unique circumstance" and reasoned that Thompson had done an act which, if properly done, postponed the filing deadline. Moreover, the Court stated the district court concluded the act had been properly done. Id. at 398-99. Finally, the Court held that the petitioner had relied on the statement of the district court and filed the appeal within the new deadline but beyond the old deadline. Id.

Richardson contends that the facts in Thompson are consonant with his situation. Richardson notes that through Mr. Turner, his former defense counsel, he took an act—filing a request for an extension–which, if properly done, would have postponed the filing deadline. Defendant contends that this request would have been properly done had defense counsel filed it within the time limitations of Fed. R. Crim. P. 29 and Fed. R. Crim. P. 33. However, Richardson asserts, the motion for extension was filed on January 28, 2005, just three days before the motion deadline of January 31, 2005, and well past the day on which extensions could be accepted. Richardson asserts that because this Court granted his motion for an extension on February 7, 2005, the Court implicitly concluded that the act had been done properly, yet had the Court found the motion improper, it would not have ruled in favor of Richardson. Richardson contends that, like the Thompson case, he relied on the Court's extension when he waited to file his post-trial motions. Richardson contends that the "unique circumstances" doctrine allows a court to avoid penalizing a litigant who detrimentally, though understandably, relies on the Court's order. (Citing Osterneck v. Ernst & Whitney, 489 U.S. 169, 179 (1989), where the Supreme Court stated that "Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."; see also Carlisle v. United States, 517 U.S. 416, 428 (1996)).

In addition, Richardson contends that the "unique circumstances" doctrine has been applied in the Seventh Circuit a number of times. See Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 182 (7th Cir. 1984); see also Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1562 (7th Cir. 1990). The Seventh Circuit will disregard the doctrine only where the facts of the

case are distinguishable. For example, Richardson notes that in <u>United States v. Hocking</u>, 841 F.2d 735 (7th Cir. 1988), the Seventh Circuit held that <u>Thompson</u> did not apply because the error was generated by the lawyer himself rather than the court as required by <u>Thompson</u>. (<u>See</u> <u>also</u> <u>Sonicraft, Inc. v. N.L.R.B.</u>, 814 F.2d 385, 387 (7th Cir. 1987), where the Seventh Circuit rejected the <u>Thompson</u> reasoning because it viewed <u>Thompson</u> as limited to circumstances in which district courts, rather than non-lawyer legal staff, assure parties that they have time to appeal).

Finally, Richardson notes that the Government did not object to Richardson's motion for an extension on January 28, 2005, and offered no warning that it planned to object if the Court ruled after the January 31, 2005 deadline on Richardson's motion for an extension. Richardson notes that the Government waited until the Court entered an order to extend the time for Richardson's post-trial motions, and after the original deadline had passed. Consequently, Richardson contends, his belief in the accuracy of his attorney's position that the post-trial motion deadline could be extended was buttressed by the Government's failure to object. Richardson believes that to prevent litigation of his post-trial motions in this "unique circumstance" creates an injustice.

## II. The Government's Response

The Government contends that Fed. R. Crim. P. 29 and Fed. R. Crim. P. 33 do not allow successive extensions of time, and Fed. R. Crim. P. 45(b) expressly forbids them (<u>citing</u> <u>United States v. Hocking</u>, 841 F.2d 735, 737 (7th Cir. 1988). Thus, the United States contends, on January 28, 2005, Richardson had no right to ask for an extension, and on February 7, 2005, this Court had no right to grant a second extension. The Government argues that any post-trial

motions filed after January 31, 2005 are untimely, and this Court lacks jurisdiction to consider their merits.

The Government notes that district courts may consider an untimely post-trial motion in "unique circumstances." Thompson v. INS, 375 U.S. 384, 387 (1964). The "unique circumstances" doctrine applies "where a party has performed an act, which, if properly done, would postpone the deadline for filing his [motions] and has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whitney, 489 U.S. 169, 179 (1989). However, the Government notes, neither a court's order "spoken in open court" Varhol v. National Railroad Passenger Corporation, 909 F.2d 1557, 1563 (7th Cir. 1990), nor the entry of a minute order, Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994), constitutes "unique circumstances" justifying consideration of an untimely motion. Consequently, the Government contends, neither the Court's spoken order in open court nor its minute order granting Richardson's motion for extension of time constitutes a specific assurance that Richardson's eventual post-trial motions would be timely.

In addition, the Government asserts that its failure to object to this Court's verbal and written orders does not alter the analysis of the "unique circumstances" doctrine. United States v. Evans, 980 F.Supp. 945, 947-48 (N.D. Ill. 1997) (no "unique circumstances" where government did not object to defense counsel's motion for second extension). The Government notes the Seventh Circuit's language in United States v. Hope, where the court explained, "[i]t is not the district court's duty, not the U.S. Attorney's duty, to sort through post-judgment motions and advise the moving party whether his appeal clock remains ticking." Id. at 1143-44. The Government also notes the Seventh Circuit's holding in United States v. Hocking, 841 F.2d 735

(7th Cir. 1988). In <u>Hocking</u>, defense counsel filed untimely post-trial motions after the district court granted a second extension on the day on which defense counsel should have filed his post-trial motions. <u>Id</u>. at 736-37. The Seventh Circuit found that there were no "unique circumstances" because "[a]ny error was generated by the lawyer himself; the district court simply granted a motion." <u>Id</u>. 737. Here, the Government contends, as in <u>Hocking</u>, it was defense counsel, not this Court or the Government, that is culpable for failing to file post-trial motions in a timely manner.

### III. Conclusion

The Government is correct in its assertion that the granting of a motion by this Court, (both in open court and via minute order), does not qualify as a specific assurance that Richardson's post-trial motions would be timely if they were filed after the Court granted an extension to file those motions, when that extension was granted more than seven days after the jury returned its verdict. <u>Hope v. United States</u>, 43 F.3d 1140, 1143 (7th Cir. 1994). Consequently, there were no "unique circumstances" justifying an extension of the post-trial motion date. In addition, the Government is correct that just because it did not object to the Court's extension of the post-trial motion date, that does not qualify as "unique circumstances" justifying an extension for the filing of post-trial motions. <u>United States v. Evans</u>, 980 F.Supp. 945, 947-48 (N.D. Ill. 1997). The law in the Seventh Circuit is clear that a district court judge "has no power to decide the untimely filed post-trial motions on their merits." <u>Evans</u>, 980 F.Supp. at 947 (<u>citing</u> <u>United States v. Hocking</u>, 841 F.2d 735 (7th Cir. 1988)). A spoken order, or a minute order, or the failure of the Government to object to an untimely extension, cannot

circumvent this rule. Consequently, pursuant to Fed. R. Crim. P. 29 and Fed. R. Crim. P. 33, this Court lacks jurisdiction to grant an extension of time to Richardson to file post-trial motions. No "unique circumstances" exist that would allow the Court to circumvent this rule. Consequently, Richardson's motion for the extension of the post-trial motion deadline is DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **March 22, 2005**